Filed 7/9/25  P. v. Chavez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G064134 |
| v. | (Super. Ct. No. FSB18002073) |
| RUBEN ANGEL CHAVEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Charles J. Umeda, Judge. Affirmed.

Sylvia W. Beckham, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \*

This is an appeal from a postjugment order denying defendant Ruben Angel Chavez's petition for resentencing on a manslaughter conviction under Penal Code section 1172.6.[1]

In 2020, Chavez pleaded no contest to manslaughter. He had been charged with attempted murder with various enhancements. In 2023, the trial court considered Chavez's petition for resentencing. The court denied the petition at the prima facie stage, declining to issue an order to show cause.

Appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 (*Delgadillo*).) After his counsel filed the brief requesting review pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we issued an order granting Chavez 30 days to file a supplemental brief on his own behalf. No supplemental brief was received.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the trial court's postjudgment order.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

Because this case arises out of a plea bargain, we do not have a detailed factual record. The district attorney filed a complaint charging Chavez with the murder of Alejandro Rojas in violation of section 187, subdivision (a), on or about May 18, 2018. The complaint also alleged several enhancements: personal and intentional discharge of a firearm causing death

---

[1] Subsequent statutory references are to the Penal Code.

2

(§12022.53, subd. (d)); personal use of a firearm (§12022.53, subd. (b)); and a gang enhancement (§186.22 (b)(1)(C)).

On January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015, §4; Senate Bill 1437) went into effect. That law "eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule" by amending sections 188 and 189. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) Senate Bill 1437 also adopted section 1170.95 (now known as section 1172.6, and referred to as such throughout), which permitted murderers convicted under the former versions of sections 188 and 189 to seek resentencing. (*Ibid.*)

On January 24, 2020, pursuant to a negotiated plea agreement and waiver of rights, Chavez changed his plea to no contest, pleaded guilty to manslaughter (§ 192, subd. (a)), and admitted the gang enhancement and the personal firearm use enhancement. He entered into the plea with the assistance of counsel, who signed the plea form, concurring in the withdrawal of the not guilty plea and the no contest plea to the manslaughter charge and enhancements. During the plea hearing, Chavez answered yes when asked if he had sufficient time to discuss the case with his attorney. Counsel stated she had adequate time to discuss all relevant issues with her client and went over the plea forms with him. Chavez was sentenced to a total of 25 years and awarded appropriate time credits.

In July 2023, Chavez submitted a form petition for resentencing under section 1172.6. Chavez alleged a complaint or information was filed against him that allowed the prosecution to proceed on now-deprecated theories, including felony murder, murder under the natural and probable consequences doctrine, or imputed malice based on participation in a crime.

3

He also alleged he was convicted of manslaughter using a theory under which he could not presently be convicted under sections 188 or 189. He asked the court to appoint counsel, and the court did so.

The prosecution filed an opposition to Chavez's petition for resentencing in August, and Chavez, through counsel, filed a responsive brief in September. The prosecution pointed out that it was impossible for him to have accepted a plea under an impermissible theory, because he pleaded guilty in January 2020, and the changes to sections 188 and 189 were already in effect as of January 2019. Chavez's brief contended that he met the low threshold to satisfy a prima facie showing and that his plea did not preclude such a showing.

The court heard oral argument by counsel. The court took the matter under submission and issued a written decision denying the petition. The court found Chavez did not meet one of the conditions required to move to the order to show cause stage of a petition under section 1172.6: "In order to be resentenced, he must allege that he could not presently be convicted of murder (or its attempt) because of changes brought by Senate Bill 1437. [Chavez] entered his plea of no contest to voluntary manslaughter in 2020 and was not convicted under the now-invalid theories of murder. The plea was entered with the advice and consent of counsel." Accordingly, the court found Chavez was ineligible for resentencing under section 1172.6.

Chavez filed a timely appeal.

## DISCUSSION

When a defendant's counsel identifies no arguable issues on appeal, an appellate court independently reviews the record for arguable issues. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be

4

one which, in counsel's professional opinion, is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

We concur with the trial court that Chavez could not have been convicted under a now-prohibited theory of murder. The timeline is dispositive. Senate Bill 1437 went into effect on January 1, 2019, over a year before Chavez pleaded guilty to voluntary manslaughter on January 24, 2020.

In *People v. Reyes* (2023) 97 Cal.App.5th 292, 298, the court reviewed a similar situation, where a defendant had plead no contest to a second degree murder charge in 2021. The court noted: "[A] petitioner must allege that he could not presently be convicted of murder (or its attempt) 'because of changes' brought by Senate Bill No. 1437. (§ 1172.6, subd. (a)(3).) This language demonstrates that appellant's petition was properly denied. Appellant was not convicted under the prior law, which permitted a theory of murder based on imputed malice. Instead, he entered his change of plea in 2021 with the advice and consent of legal counsel. When appellant entered his change of plea, the now invalid theories of murder liability had already been eliminated. Consequently, appellant has already received the benefits of Senate Bill No. 1437." (*Id.* at p. 298.)

The same is true here. When Chavez pleaded guilty, the now invalid theories of murder were already no longer good law. Accordingly, his allegation that he was convicted under one of those invalid theories must also fail.

After independently reviewing the record, this court has found no other arguable issues.

## DISPOSITION

The trial court's postjudgment order denying Chavez's section 1172.6 petition is affirmed.

MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


DELANEY, J.

6